IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES WOODRUM, ) | |
|                Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, a/k/a AMTRAK, ) | **JURY TRIAL DEMANDED** |
| ILLINOIS CENTRAL RAILROAD COMPANY, ) | |
| LP MANAGEMENT, LLC, ) | |
|                Defendants. ) | |

**COMPLAINT AT LAW**

Now comes the Plaintiff, Charles Woodrum ("Woodrum"), by and through undersigned counsel, and complaining of the Defendants, National Railroad Passenger Corporation a/k/a AMTRAK, Illinois Central Railroad Company, and LP Management, LLC, states as follows:

**JURISDICTION**

Jurisdiction is proper user 28 U.S.C. 1331 and 28 U.S.C. 1349 because Defendant National Railroad Passenger Corporation a/k/a AMTRAK is a corporation majority owned by the United States government.

**VENUE**

Venue is proper in accordance with 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within the geographical confines of this Court.

**FACTS**

1. On July 5, 2023, at approximately 12:59 p.m., Plaintiff was the owner and operator of a 2003 Chevy Silverado travelling westbound on McGuire Parkway in the Township

1

of Lemont, County of Cook, State of Illinois, when his vehicle approached a railway intersection approximately 600 feet west of the intersection of McGuire Parkway and Main Street.

2. That at said time and place, Defendant National Railroad Passenger Corporation was operating a passenger train that was travelling northbound across the railroad tracks at approximately 12:59 p.m.

3. That at all times relevant to the Complaint, Defendant Illinois Central Railroad Company was the entity responsible for track and right of way maintenance for the rail line running through the City of Lemont at its intersection with McGuire Parkway.

4. That at all times relevant to the Complaint, Defendant LP Management, LLC was the owner of a property located at 11215-11235 McGuire Parkway, Lemont, IL and said property contained the subject railroad crossing.

5. That at all times relevant, McGuire Parkway was a public road in the City of Lemont, County of Cook, Illinois and this road intersected and proceeded past the Illinois Central Railroad at a crossing.

6. That at said time and place, Plaintiff was westbound on McGuire Parkway and attempted to cross the railroad line at the crossing on McGuire Parkway.

7. That at all times relevant, Plaintiff was an invitee of the premises and an anticipated user of the crossing.

**COUNT I – NEGLIGENCE (ILLINOIS CENTRAL RAILROAD COMPANY)**

8. Plaintiff reincorporates and realleges each preceding paragraph as if specifically set forth herein.

9. That prior to July 5, 2023, there were numerous other accidents at or near the McGuire Parkway crossing involving serious injuries and fatalities caused by trains striking vehicles. Specifically, on April 3, 2019, an Amtrak train struck a vehicle at the Boyer street crossing, only several hundred feet west of the McGuire crossing, causing death to the vehicle occupant; On April 13, 2018, an Amtrak train struck a vehicle at the Boyer Street crossing; on December 19, 2005, an Amtrak train struck an automobile at the crossing resulting in fatality; on July 23, 2003 a Union Pacific train struck a vehicle injuring its driver; on August 5, 1986 an Amtrak train struck a vehicle at the crossing resulting in fatality, and on July 11, 1976 a train struck a vehicle at the crossing.

10. That Defendant Illinois Central Railroad Company knew or should have known of these prior train collisions with vehicles and individuals.

11. That Defendant Illinois Central Railroad Company knew or should have known that McGuire Parkway did not intersect the railroad right of way at a right angle and was instead angled as it approached the railroad right of way in such a way that vehicles headed north or southbound on McGuire Parkway would have a poor angle at which to observe east or westbound trains.

12. That on said date, Defendant Illinois Central Railroad Company knew or should have known that trees and other vegetation were on its right of way within 500 feet to the east and to the west of the road grade crossing on the south side of the tracks and these trees and vegetation presented an obstructed view for vehicles travelling north on McGuire Parkway at its intersection with the railroad crossing.

13. That Defendant Illinois Central Railroad Company knew or should have known that the McGuire Parkway crossing was used by commercial and non-commercial vehicles on a regular basis.

14. That on said date, Defendant Illinois Central Railroad Company knew that the McGuire Parkway crossing had no activated warning devices and specifically had no gate arms or flashing lights.

15. That at all times relevant, Defendant Illinois Central Railroad Company knew or should have known that this railroad crossing was extremely hazardous because of the vegetation, the angle of the roadway, the obstructed view of motorists in close proximity to the crossing, the lack of warning devices, gate arms and flashing lights, and the six prior accidents involving trains striking vehicles.

16. That at all times relevant, Defendant Illinois Central Railroad Company had the duty to exercise ordinary and reasonable care in its maintenance of the railroad right of way and tracks.

17. That notwithstanding the aforesaid duty Defendant Illinois Central Railroad Company was negligent in one or more of the following manners:

    (a) Negligently and carelessly failed to remove brush, shrubbery and trees for a distance of not less than 500 feet in either direction to the east and west on its right of way alongside McGuire Parkway in contravention to 625 ILCS 5/18c-7401;

    (b) Negligently and carelessly failed to ensure that the public road, McGuire Parkway, aligned at a 90-degree angle so as to be as flush as possible with the rails in contravention to 625 ILCS 5/18c-7401;

4

(c) Negligently and carelessly failed to ensure that appropriate safety devices such as gate arms, flashing lights, gates or barriers were appropriately deployed at the McGuire Parkway crossing.

18. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the Plaintiff's vehicle was struck by an oncoming train, resulting in his injury.

**COUNT II – NEGLIGENCE (NATIONAL RAILROAD PASSENGER CORPORATION)**

19. Plaintiff reincorporates and realleges each preceding paragraph as if specifically set forth herein.

20. That prior to July 5, 2023, there were numerous other accidents at or near the McGuire Parkway crossing involving serious injuries and fatalities caused by trains striking vehicles. Specifically, on April 3, 2019, an Amtrak train struck a vehicle at the Boyer street crossing, only several hundred feet west of the McGuire crossing, causing death to the vehicle occupant; On April 13, 2018, an Amtrak train struck a vehicle at the Boyer Street crossing; on December 19, 2005, an Amtrak train struck an automobile at the crossing resulting in fatality; on July 23, 2003 a Union Pacific train struck a vehicle injuring its driver; on August 5, 1986 an Amtrak train struck a vehicle at the crossing resulting in fatality, and on July 11, 1976 a train struck a vehicle at the crossing.

21. That Defendant National Railroad Passenger Corporation knew or should have known of these prior train collisions with vehicles and individuals.

22. That Defendant National Railroad Passenger Corporation knew or should have known that McGuire Parkway did not intersect the railroad right of way at a right angle and was instead angled as it approached the railroad right of way in such a way that vehicles headed north

or southbound on McGuire Parkway would have a poor angle at which to observe east or westbound trains.

23.     That on said date, Defendant National Railroad Passenger Corporation knew or should have known that trees and other vegetation were on its right of way within 500 feet to the east and to the west of the road grade crossing on the south side of the tracks and these trees and vegetation presented an obstructed view for vehicles travelling north on McGuire Parkway at its intersection with the railroad crossing.

24.     That Defendant National Railroad Passenger Corporation knew or should have known that the McGuire Parkway crossing was used by commercial and non-commercial vehicles on a regular basis.

25.     That on said date, Defendant National Railroad Passenger Corporation knew that the McGuire Parkway crossing had no activated warning devices and specifically had no gate arms or flashing lights.

26.     That at all times relevant, Defendant National Railroad Passenger Corporation knew or should have known that this railroad crossing was extremely hazardous because of the vegetation, the angle of the roadway, the obstructed view of motorists in close proximity to the crossing, the lack of warning devices, gate arms and flashing lights, and the six prior accidents involving trains striking vehicles.

27.     That at all times relevant, Defendant National Railroad Passenger Corporation had the duty to exercise ordinary and reasonable care in the operation of its eastbound train.

28.     That notwithstanding the aforesaid duty Defendant National Railroad Passenger Corporation was negligent in one or more of the following manners:

  (a)  Negligently and carelessly failed to remove brush, shrubbery and trees for a distance of not less than 500 feet in either direction to the east and west on its right of way alongside McGuire Parkway in contravention to 625 ILCS 5/18c-7401;

  (b)  Negligently and carelessly failed to ensure that the public road, McGuire Parkway, aligned at a 90-degree angle so as to be as flush as possible with the rails in contravention to 625 ILCS 5/18c-7401;

  (c)  Negligently and carelessly failed to ensure that appropriate safety devices such as gate arms, flashing lights, gates or barriers were appropriately deployed at the McGuire Parkway crossing;

  (d)  Negligently and carelessly failed to sound the horn while approaching the McGuire Parkway crossing given the whistle sign, prior accident history, its angled approach, the lack of warning devices, the obstruction to views and the ultra-hazardous nature of the crossing;

  (e)  Negligently and carelessly operated the train at an excessive speed rate above the speed restrictions that were in place within one mile of the grade crossing and as a result of said restriction the train should have been traveling at a much lower speed as it approached McGuire Parkway.

29.  That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the Plaintiff's vehicle was struck by an oncoming train, resulting in his injury.

## **COUNT III – NEGLIGENCE (LP MANAGEMENT, LLC)**

30.  Plaintiff reincorporates and realleges each preceding paragraph as if specifically set forth herein.

31. That prior to July 5, 2023, there were numerous other accidents at or near the McGuire Parkway crossing involving serious injuries and fatalities caused by trains striking vehicles. Specifically, on April 3, 2019, an Amtrak train struck a vehicle at the Boyer street crossing, only several hundred feet west of the McGuire crossing, causing death to the vehicle occupant; On April 13, 2018, an Amtrak train struck a vehicle at the Boyer Street crossing; on December 19, 2005, an Amtrak train struck an automobile at the crossing resulting in fatality; on July 23, 2003 a Union Pacific train struck a vehicle injuring its driver; on August 5, 1986 an Amtrak train struck a vehicle at the crossing resulting in fatality, and on July 11, 1976 a train struck a vehicle at the crossing.

32. That Defendant LP Management, LLC knew or should have known of these prior train collisions with vehicles and individuals.

33. That Defendant LP Management, LLC had an easement to cross the McGuire Parkway crossing in order to access its property.

34. That Defendant LP Management, LLC knew or should have known that McGuire Parkway did not intersect the railroad right of way at a right angle and was instead angled as it approached the railroad right of way in such a way that vehicles headed north or southbound on McGuire Parkway would have a poor angle at which to observe east or westbound trains.

35. That on said date, Defendant LP Management, LLC knew or should have known that trees and other vegetation were on its right of way within 500 feet to the east and to the west of the road grade crossing on the south side of the tracks and these trees and vegetation presented an obstructed view for vehicles travelling north on McGuire Parkway at its intersection with the railroad crossing.

36. That Defendant LP Management, LLC knew or should have known that the McGuire Parkway crossing was used by commercial and non-commercial vehicles on a regular basis.

37. That on said date, Defendant LP Management, LLC knew that the McGuire Parkway crossing had no activated warning devices and specifically had no gate arms or flashing lights.

38. That at all times relevant, Defendant LP Management, LLC knew or should have known that this railroad crossing was extremely hazardous because of the vegetation, the angle of the roadway, the obstructed view of motorists in close proximity to the crossing, the lack of warning devices, gate arms and flashing lights, and the six prior accidents involving trains striking vehicles.

39. That at all times relevant, Defendant LP Management, LLC had the duty to exercise ordinary and reasonable care in its maintenance of the railroad right of way and tracks.

40. That notwithstanding the aforesaid duty Defendant LP Management, LLC was negligent in one or more of the following manners:

    (a) Negligently and carelessly failed to remove brush, shrubbery and trees for a distance of not less than 500 feet in either direction to the east and west on its right of way alongside McGuire Parkway in contravention to 625 ILCS 5/18c-7401;

    (b) Negligently and carelessly failed to ensure that the public road, McGuire Parkway, aligned at a 90-degree angle so as to be as flush as possible with the rails in contravention to 625 ILCS 5/18c-7401;

      (c)      Negligently and carelessly failed to ensure that appropriate safety devices such as gate arms, flashing lights, gates or barriers were appropriately deployed at the McGuire Parkway crossing.

41.      That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the Plaintiff's vehicle was struck by an oncoming train, resulting in his injury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Charles Woodrum, respectfully requests this Honorable Court enter Judgment in favor of Plaintiff and against the Defendants in excess of the jurisdictional limits of this Court, plus the costs of this suit.

Respectfully submitted,

*Marc P. Trent*

Marc P. Trent (ARDC #6324928)

**TRENT LAW FIRM, P.C.**
2 TransAm Plaza Drive, Suite 300
Oakbrook Terrace, IL 60181
(630) 682-3100
*service@trentlawfirm.com*